IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv275

| | |
|---|---|
| PHILIP MARK ROBBINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 11], **GRANT** the Motion for Summary Judgement [# 9], and **REMAND** the decision of the Commissioner.

I. **Procedural History**

Plaintiff filed an application for disability insurance benefits with a protective filing date of August 17, 2012. (Transcript of Administrative Record

("T.") 227.) Plaintiff alleged an onset date of August 10, 2011. (T. 83, 227.) The Social Security Administration denied Plaintiff's claims. (T. 115-19.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 122-29.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 51-77.) The ALJ then issued a decision finding that Plaintiff was not disabled from December 31, 2005, through the date of the decision. (T. 36-45.) Plaintiff requested review of the ALJ's decision. (T. 31.) The Appeals Council denied Plaintiff's request for review. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is

unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

In her March 11, 2015, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 21.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.

(2) The claimant has not engaged in substantial gainful activity since August 10, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: status post right thalamic lacunar infarct and depression (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, repetitive tasks and instructions in jobs with occasional public contact.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on June 28, 1961 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from August 10, 2011, through the date of this decision (20 CFR 404.1520(g)).

(T. 14-21.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment

for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V.    Analysis[1]

Where an ALJ finds that a claimant has moderate limitations in concentration, persistence, or pace at step three of the sequential evaluation, the ALJ generally does not account for such limitations in the RFC by restricting the claimant to simple, routine, repetitive tasks. Mascio, 780 F.3d at 638; Williams v. Berryhill, Civil Case No. 1:16-cv-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.) (collecting cases and holding that an RFC limiting the claimant to simple routine repetitive tasks in a low stress setting failed to sufficiently account for the claimant's moderate limitations in concentration, persistence and pace); Harrison v. Colvin, Docket No. 5:15-cv-00108 –MOC, 2016 WL 3679294, at *6 (W.D.N.C. Jul. 11, 2016) (Cogburn, J.) (collecting cases and holding that a limitation to simple, routine, repetitive tasks does not account for a claimant's moderate limitations in concentration, persistence, and pace

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

without sufficient accompanying analysis); Neufeld v. Colvin, 3:15-cv-174-RJC, 2016 WL 3436414, at * 3-5 (W.D.N.C. Jun. 15, 2016) ( Conrad, J.) (collecting cases and remanding where RFC limited claimant to simple, routine, repetitive tasks, in a nonproduction environment); Biddell v. Colvin, Docket No. 1:15-cv-00080-MOC, 2016 WL 815300, at *5 (W.D.N.C. Feb. 29, 2016) (Cogburn, J.) (collecting cases and remanding where the ALJ limited the claimant to simple, routine, repetitive tasks involving only one to three step instructions, a non-production pace, and additional limitations); Ball v. Colvin, No. 1:14cv266, 2015 WL 5714525, at *4-5 (W.D.N.C. Sept. 1, 2015) (Howell, Mag. J.). And while an ALJ may find that a moderate limitation at step three does not result in additional limitations to a claimant's RFC, the ALJ must properly explain in the decision why such moderate limitations do not translate into a limitation in the RFC. Mascio, 780 F.3d at 638.

At step three, the ALJ found that Plaintiff had moderate difficulties with concentration, persistence or pace. (T. 15.) Specifically, the ALJ found:

> The claimant complained of an inability to prioritize, sequence, and remember throughout his days (Exhibit 5E). The claimant also complained of trouble in remembering things. He did not think he could pay attention for long; he had trouble finishing tasks; he had trouble remembering spoken instructions (Exhibit 5E).

(T. 15.) In crafting the RFC, the ALJ limited Plaintiff to "simple, repetitive tasks

and instructions . . . ." (T. 16.)  The ALJ went on to state in the decision that "I have accounted for the claimant's moderate limitation in his concentration, persistence and pace by limiting the claimant to simple, repetitive tasks." (T. 16.) As this Court and others in this District have repeatedly explained, however, a limitation to simple, repetitive tasks does not account for a claimant's moderate limitations in concentration, persistence, and pace.  See e.g. Williams, 2017 WL 927256, at *6.  Moreover, the ALJ neither provided an explanation as to how limiting Plaintiff to simple, repetitive tasks sufficiently accounted for his moderate limitations in concentration, persistence and pace, nor addressed whether Plaintiff could stay on tasks during a work day.

Where an ALJ finds moderate limitations in concentration, persistence and pace, the ALJ must do more than what was done in this case.  An ALJ "must provide this Court with sufficient analysis in its decision to allow the Court to conduct meaningful review of the RFC determination."  Ball, 2015 WL 5714525, at *4-5.  And in contrast to the contention of the Commissioner, the ALJ's recitation of the medical evidence is not sufficient to satisfy the requirements set forth by the Fourth Circuit.  Rather, the ALJ must explain how this evidence supports the ALJ's RFC by building a logical bridge from the medical evidence to his or her conclusion.  See Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgement [# 9] and **REMAND** this case.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 9], **DENY** the Motion for Summary Judgement [# 11], and **REMAND** the decision of the Commissioner.

Signed: August 13, 2017

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).